## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| MODESTA LUNA BENCOMO, Individually and on Behalf of All Others Similarly Situated, | Case No.: 18-cv-1858 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| ATLANTIC CREDIT & FINANCE INC., | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Modesta Luna Bencomo is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff, debts allegedly incurred for personal, family, or household purposes.

5. Defendant Atlantic Credit & Finance, Inc. ("Atlantic") is a foreign business corporation with its principal offices located at 3353 Orange Avenue, Roanoke, Virginia 24012, and with Wisconsin registered agent Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

6. Atlantic is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Atlantic is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Atlantic is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about September 20, 2018, Atlantic mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as Exhibit A.

9. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

10. Upon information and belief, Exhibit A is a form debt collection letter, generated by computer and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A was the first written communication Atlantic mailed to Plaintiff regarding the alleged debt at issue.

12. Upon information and belief, Exhibit A seeks to collect a "TJX Rewards" branded credit card account, originally owed to Synchrony Bank or a predecessor entity ("Synchrony"). *See* https://www.tjxrewards.com/en_US/home ("The TJX Rewards Platinum Mastercard is issued by Synchrony Bank pursuant to a license from Mastercard International Incorporated.")

13. Plaintiff opened and used a TJX Rewards credit card account for personal, family, or household purposes – the purchase, for personal use, of household goods at stores owned and operated by "The TJX Companies, Inc." ("TXJ Co."). TJX Co. stores include TJMaxx, Marshalls, and HomeGoods. https://www.tjx.com/.

2

14. <u>Exhibit A</u> contains the validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors to send consumers along with the initial written communication.

15. <u>Exhibit A</u> contains the following:

```
Original Creditor ▸ SYNCHRONY BANK
                   TJX
Current Creditor ▸ MIDLAND FUNDING, LLC ("MID")
          Acct # ▸ ************6833
      ACF Acct # ▸ ███0516
         Balance ▸ $1,388.97
```

16. <u>Exhibit A</u> also contains the following:

Our records reflect you are obligated on the Account which is in default. Accordingly, Atlantic is entitled to be paid the balance due of $1,388.97. All payments on the account should be sent as noted below.

17. The payment remittance slip portion of Exhibit A contains the following:

**DETACH HERE AND ENCLOSE THIS PORTION ALONG WITH PAYMENT**
Make check or money order payable to Atlantic Credit & Finance, Inc.

18. The payment remittance slip portion of <u>Exhibit A</u> also contains the following:



19. The "Privacy Notice" addendum to <u>Exhibit A</u> also contains the following:

**OBTAINING INFORMATION:**
- We obtain Customer Information as permitted by law from: a customer's account file at the time we purchase his or her account; applications or questionnaires; and a customer's transactions and experience with us or our affiliates.

- This information may include a customer's name, address, social security number, former employers, payment history and account balances.

20. <u>Exhibit A</u> is false and misleading as to the identity of the creditor.

21. A debt collector cannot make confusing representations about the identity of the creditor in a collection letter.

3

22. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

23. 15 U.S.C. § 1692e(2)(a) specifically prohibits: "The false representation of—the character, amount, or legal status of any debt."

24. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

25. 15 U.S.C. § 1692g(a)(2) requires that debt collectors identify the name of the creditor to whom the debt is owed is a non-confusing manner. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000) (statutory disclosures must be made in a non-confusing way):

> It is no excuse that it was "impossible" for the defendants to comply when as in this case the amount of the debt changes daily. What would or might be impossible for the defendants to do would be to determine what the amount of the debt might be at some future date if for example the interest rate in the loan agreement was variable. What they certainly could do was to state the total amount due--interest and other charges as well as principal--on the date the dunning letter was sent. We think the statute required this.

26. While *Miller* addressed a debt collector's obligation to provide the amount of the debt under 15 U.S.C. § 1692g(a)(1), the Seventh Circuit has held that the standards for claims under § 1692e and § 1692g are the same. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006).

> We cannot accept the district court's view that claims brought under § 1692e or § 1692f are different from claims brought under § 1692g for purposes of Rule 12(b)(6) analysis. Whether or not a letter is 'false, deceptive, or misleading' (in violation of § 1692e) or 'unfair or unconscionable' (in violation of § 1692f) are inquiries similar to whether a letter is confusing in violation of § 1692g. After all, as our cases reflect, the inquiry under §§ 1692e, 1692g and 1692f is basically the same: it requires a fact-bound determination of how an unsophisticated consumer would perceive the letter.")

4

27. The unsophisticated consumer, seeing Atlantic's representations that "Atlantic is entitled to be paid the balance due of $1,357.05" and "We obtain Customer Information as permitted by law from: a customer's account file at the time we purchase his or her account," would understand that Atlantic had purchased her account.

28. Atlantic's misrepresentation is a material false statement.

29. The unsophisticated consumer would not know who she was supposed to be paying on the account <u>Exhibit A</u> was attempting to collect.

30. The unsophisticated consumer would not understand whether <u>Exhibit A</u> was collecting on behalf of Atlantic, "MID," or Synchrony.

31. Defendant's letter identifies the "Original Creditor" as Synchrony and the "Current Creditor" as "MID" but also says Atlantic is entitled to be paid the balance due and that Atlantic obtains Customer Information from the customer's account file at the time Atlantic purchases his or her account.

32. To satisfy § 1692g(a)(2), a debt collector may provide "the name under which [the creditor] usually transacts business, or a commonly-used acronym, or any name that it has used from the inception of the credit relation." *Blarek v. Encore Receivable Mgmt.*, No. 06-cv-420-WEC, 2007 U.S. Dist. LEXIS 22549 at *22 (E.D. Wis. Mar. 27, 2007).

33. However, "a particularly non-obvious acronym can on its face constitute a plainly confusing statement in violation of § 1692g(a)(2)." *Id.* at *23.

34. Plaintiff was confused by <u>Exhibit A</u>.

35. The unsophisticated consumer would be confused by <u>Exhibit A</u>.

36. Plaintiff had to spend time and money investigating <u>Exhibit A</u>, and the consequences of any potential responses to <u>Exhibit A</u>.

37. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'"), *quoting Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016

6

U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

38. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

39. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

40. The language in Exhibit A is false, misleading and confusing to the unsophisticated consumer, in that the letter misleads the consumer as to the identity of the current creditor.

41. Defendant's misstatement of the name of the creditor is a false representation or deceptive means to collect or attempt to collect any debt.

42. Defendant's misstatement of the name of the creditor is a false, deceptive, misleading, and confusing statement of the character and legal status of the alleged debt.

7

43. The Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), and 1692g(a)(2).

## **CLASS ALLEGATIONS**

44. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a debt collection letter (c) in the form of Exhibit A, (d) seeking to collect a debt for personal, family, or household purposes, (e) between November 26, 2017 and November 26, 2018, inclusive, (f) that was not returned by the postal service.

45. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

46. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA.

47. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

48. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

49. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## **JURY DEMAND**

50. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: November 26, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com